OPINION
 STATEMENT OF FACTS AND CASE
On February 26, 2001, at approximately 2:30 a.m., Appellant was observed driving up and over the curb on the left side of the roadway shortly after making a left turn onto Chestnut Street in Ashland, Ashland County, Ohio. (T. at 7-8).
At this time, Trooper Keener activated his pursuit lights and stopped Appellant's vehicle. (T. at 8).
As a result of said stop, Appellant was arrested and charged with Operating a Motor Vehicle with and Illegal Breath/Alcohol Concentration in violation of R.C. § 4511.19(A)(6).
Operating a Motor Vehicle While Under the Influence of Alcohol, in violation of R.C. § 4511.19(A)(1), No Operator's License, in violation of R.C. § 4507.02(A)(1), Failure to Drive on Right Half of Roadway, in violation of R.C. § 4511.25 and No Seat Belt, in violation of R.C. § 4513.263(B)(1).
On March 23, 2001, Appellant filed a Motion to Suppress and/or Limit the Use of Evidence.
On April 16, 2001, an oral hearing was held on Appellant's Motion to Suppress and/or Limit the Use of Evidence.
It should be noted that Trooper Keener mistakenly believed at the time that Chestnut Street was a two-way street and that Appellant was driving on the wrong half of the roadway. The charge of Failure to Drive on the Right Half of Roadway was dismissed prior to the hearing on Appellant's Motion to Suppress and/or Limit Use of Evidence.
On May 9, 2001, the trial court overruled Appellant's Motion to Suppress and/or Limit the Use of Evidence finding that Trooper Keener had reasonable suspicion to justify the traffic stop.
It is from this decision that Appellant's appeal's, assigning the following error:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT/APPELLANT'S MOTION TO SUPPRESS AND/OR LIMIT USE OF EVIDENCE.
In his sole Assignment of Error, the Appellant contends the trial court erred in concluding that the trooper had sufficient reasonable suspicion to make the traffic stop. We disagree.
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysiner, supra.
In the matter presently before us, we find that Appellant challenges the trial court's decision concerning the ultimate issue raised in appellant's motion to suppress. Thus, in analyzing this Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
It is well-settled law in Ohio that reasonable and articulable suspicion is required for a police officer to make a warrantless stop.Terry v. Ohio (1968), 392 U.S. 1. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delaware v. Prouse
(1979), 440 U.S. 648. In State v. Lambert (August 20, 2001), Stark App. No. 2001CA00089, unreported, a trooper observed a defendant "cross the white line by a tire width and touch the white line two more times, all within a mile and a half distance." Id. at 2. Relying on Dayton v.Erickson (1996), 76 Ohio St.3d 3, and our analysis in State v. McCormick
(Feb. 2, 2001), Stark App. No. 2000CA00204, unreported, we held that any traffic violation, even a de minimis violation, would form a sufficient basis upon which to stop a vehicle. We reiterated the following: "The severity of the violation is not the determining factor as to whether probable cause existed for the stop. State v. Weimaster (Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, `* * * [w]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *'" Id. at 5, citingMcCormick at 10, citing Erickson at 11-12.
In the case sub judice, Trooper Keener testified that he observed the Appellant drive up over the curb:
 Q. I want you to describe to the Court what you observed it do please.
 A. Well, the vehicle turned left onto Chestnut Street; started to continue southbound. After it turned left onto the street, it drove up to — drove off the left side of the road. There was a curb there. Both left-side wheels of the vehicle went up onto the curb and came back onto the road. And then I activated my lights at that time to stop the vehicle.
(T. at 7-8).
* * *
 Q. Okay, what I'm getting at, you didn't notice the car go bang or bump when it went up on the curb, did you?
 A: Yes. When the left wheels went up on the curb, the left side of the vehicle went up, it was very noticeable. That's why I noticed it.
(T. at 13).
Appellant argues that Trooper Keener pulled him over based on his mistaken belief that Chestnut Street was a two-way street and that therefore Appellant was driving on the wrong half of the roadway.
While Trooper Keener admitted at the suppression hearing that he was mistaken with regard to Chestnut being a one-way street (T. at 14), he further testified that main reason he stopped Appellant was his observation of Appellant driving his vehicle up and over the roadside curb:
 Q: And you are telling this Court that that wasn't the initial reason you told the defendant when you stopped him when you were under the impression it was a two-way street? that the whole vehicle was in the left lane?
 A: No. He was told that he also was stopped for driving off the left side of the road up onto the curb, because I remember he questioned me as soon as I told him about that.
(T. at 14).
Appellant's own brief states that the audio portion of the videotape from that night "clearly demonstrated that immediately after the stop of Defendant/Appellant vehicle, when asked by Defendant/Appellant `What did we do wrong, officer?' (T. at 37) Trooper Keener replied `Well, you just about drove up on the curb right there when you were looking back at me' (T. at 11-12)." (Appellant's brief at 2).
Trooper Keener and Appellant were the only witnesses to testify at the suppression hearing. Based on our review of the entire record, we find there was sufficient reasonable, articulable suspicion of a traffic violation to justify a stop of Appellant's vehicle. Therefore, we find the trooper's traffic stop was constitutionally valid. The trial court therefore did not err when it overruled Appellant's motion to suppress in this regard.
Appellant's sole Assignment of Error is overruled.
The decision of the Ashland Municipal Court is affirmed.
By Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court, Ashland County, Ohio is affirmed. Costs to Appellant.